Roland Tellis (*pro hac vice* to be filed)
rtellis@baronbudd.com
Jonas P. Mann (NJ Bar No. 020372007)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:  (818) 839-2333
Facsimile:  (818) 986-9698

Raymond P. Boucher (*pro hac vice* to be filed)
ray@boucher.la
Brian Bush (*pro hac vice* to be filed)
bush@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone:  (818) 340-5400
Facsimile:  (818) 340-5401

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOKE MARRIN, IRINA VORONINA, DESSIE MITCHESON, JAIME EDMONDSON LONGORIA, JAMIE EASON MIDDLETON, KATARINA VAN DERHAM, LINA POSADA, MASHA LUND, SANDRA VALENCIA, TIFFANY TOTH, and TARA LEIGH PATRICK,<br><br>              Plaintiffs,<br>      v.<br><br>CLUB 35, INC., d/b/a XXXV CLUB,<br><br>              Defendant. | Docket No.<br><br>**COMPLAINT FOR:**<br><br>(1)  Misappropriation of Likeness;<br>(2)  False Endorsement, 15 U.S.C. § 1125(a);<br>(3)  False Endorsement, N.J.S.A. 56:4-1; and<br>(4)  Unfair Competition.<br><br>**Jury Trial Demanded** |

Plaintiffs Brooke Marrin, Irina Voronina, Dessie Mitcheson, Jaime Edmondson Longoria, Jamie Eason Middleton, Katarina Van Derham, Lina Posada, Masha Lund, Sandra Valencia, Tiffany Toth, and Tara Leigh Patrick ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION AND PARTIES

### A.    Plaintiffs

1.    Plaintiff Brooke Marrin is known professionally as Brooke Banx ("Banx"). Plaintiff Banx is, and at all times relevant to this action was, a professional model and actress, and a resident of Texas.

2.    Plaintiff Irina Voronina ("Voronina") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

3.    Plaintiff Dessie Mitcheson ("Mitcheson") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

4.    Plaintiff Jaime Edmondson Longoria ("Longoria") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

5.    Plaintiff Jamie Eason Middleton ("Middleton") is, and at all times relevant to this action was, a professional model and actress, and a resident of Texas.

6. Plaintiff Katarina Van Derham ("Van Derham") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

7. Plaintiff Lina Posada ("Posada") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

8. Plaintiff Masha Lund ("Lund") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

9. Plaintiff Sandra Valencia ("Valencia") is, and at all times relevant to this action was, a professional model and actress, and a resident of Colombia.

10. Plaintiff Tiffany Toth ("Toth") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

11. Plaintiff Tara Leigh Patrick is known professionally as Carmen Electra ("Electra"). Plaintiff Electra is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

**B. <u>Defendant</u>**

12. Upon information and belief, Club 35, Inc., ("Defendant") is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 7090 NJ-35, South Amboy, Middlesex County, New Jersey.

13.     Upon information and belief, Defendant is now, and at all times mentioned herein was, the operator of the XXXV Club ("Club 35"), which is a strip club, located at 7090 NJ-35, South Amboy, Middlesex County, New Jersey.

14.     Upon information and belief, Defendant owns and/or operates various social media accounts, including a Facebook page (https://www.facebook.com/club35nj) and an Instagram page (https://www.instagram.com/xxxvclub/), through which it promotes, endorses, and markets its business, solicits customers, and advertises events for Club 35.

15.     Upon information and belief, Defendant has, and at all times mentioned herein had, control over the contents of its social media accounts.

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, *et seq.*, (Lanham Act).

17.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in this judicial district.

## FACTUAL BACKGROUND

18.     Each Plaintiff is, and at all times mentioned herein was, a professional model and actress who earns a living by commercializing her identity, image, and likeness for many business endeavors, including the advertisement and promotion

of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

19.    A model's reputation directly impacts the commercial value associated with the use of image, likeness, or identity to promote a product or service. As such, she has the right to control the commercial exploitation of her name, photograph, and likeness.

20.    Each Plaintiff expended and continues to expend substantial effort, resources, and time in building her reputation in the modeling industry.

21.    Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

22.    Each Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation each has built. Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

23.    Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses for use in its advertising materials produced to market and promote its strip club.

24.    Defendant's use of Plaintiffs' images and likenesses was for Defendant's commercial benefit. Defendant used Plaintiffs' images to drive traffic to Defendant's strip club and increase revenue.

25.     Defendant's use of the Plaintiffs' images on Defendant's social media accounts falsely suggests Plaintiffs' sponsorship of, affiliation with, and participation in Defendant's business.

26.     Defendant never sought or obtained permission to use any of the Plaintiffs' images and likenesses.

27.     Plaintiffs at no time gave Defendant permission to use their images to promote Club 35's business, services, and/or company, or for any other purpose.

28.     Defendant's unauthorized use of Plaintiffs' images and likenesses was knowing, willful, and intentional.

29.     Defendant has never paid any of the Plaintiffs for its unauthorized use of their images or likenesses.

30.     Plaintiffs, by FedEx on August 31, 2017, demanded that Defendant cease and desist use of their images and likenesses. Defendant has since removed the images, but the models remain uncompensated.

## **PLAINTIFFS' ALLEGATIONS**

31.     Plaintiffs re-state and re-allege paragraphs 1-30 above and incorporate the same by reference as though fully set forth herein.

### *Plaintiff Brooke Banx*

32.     Plaintiff Banx is a professional model.

33.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Banx

negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

34.    Defendant's use of Plaintiff Banx's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.384703488223969/1528915610469412/?type=3&theater) began on January 15, 2016, was unauthorized, and for a commercial purpose.

35.    Defendant has never hired or contracted with Plaintiff Banx to advertise, promote, market, or endorse Defendant's business.

36.    In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Banx.

37.    Defendant's appropriation of Plaintiff Banx's image was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

38.    Defendant has never sought Plaintiff Banx's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

39.    Defendant has never compensated Plaintiff Banx for any use of her image and likeness.

40. Defendant had actual knowledge that it was using Plaintiff Banx's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Banx's image and identity in total disregard of Plaintiff's rights.

41. Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Banx's image and likeness.

42. As a direct and proximate result of Defendant's unauthorized use of Plaintiff Banx's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

43. Plaintiff Banx has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Irina Voronina

44. Plaintiff Voronina is a professional model.

45. In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Voronina negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

46.    Defendant's first use of Plaintiff Voronina's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BJIx459hcdf/?taken-by=xxxvclub) began on September 9, 2015, was unauthorized, and for a commercial purpose.

47.    Defendant's second use of Plaintiff Voronina's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/1363740646986910/?type=3&theater) began on August 15, 2016, was unauthorized, and for a commercial purpose.

48.    Defendant's third use of Plaintiff Voronina's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BJIx459hcdf/?taken-by=xxxvclub) began on August 15, 2016, was unauthorized, and for a commercial purpose.

49.    Defendant has never hired or contracted with Plaintiff Voronina to advertise, promote, market, or endorse Defendant's business.

50.    In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Voronina.

51.     Defendant's misappropriation of Plaintiff Voronina's images and likeness was for the purpose of advertising and soliciting patronage of the Defendant's establishment.

52.     Defendant has never sought Plaintiff Voronina's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

53.     Defendant has never compensated Plaintiff Voronina for any use of her likeness or image.

54.     Defendant had actual knowledge that it was using Plaintiff Voronina's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Voronina's images and identity, in total disregard of Plaintiff's rights.

55.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Voronina's images and likeness.

56.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Voronina's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

57.     Plaintiff Voronina has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which to be established by proof at trial.

### *Plaintiff Dessie Mitcheson*

58.    Plaintiff Mitcheson is a professional model.

59.    In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Mitcheson negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

60.    Defendant's use of Plaintiff Dessie Mitcheson's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.948008188560160.1073741827.384703488223969/1163939013633742/?type=3&theater) began on October 28, 2015, was unauthorized, and for a commercial purpose.

61.    Defendant has never hired or contracted with Plaintiff Mitcheson to advertise, promote, market, or endorse Defendant's business.

62.    In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Mitcheson.

63.    Defendant's appropriation of the image of Plaintiff Mitcheson was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

64.     Defendant has never sought Plaintiff Mitcheson's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

65.     Defendant has never compensated Plaintiff Mitcheson for any use of her image and likeness.

66.     Defendant had actual knowledge that it was using Plaintiff Mitcheson's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Mitcheson's image and identity in total disregard of Plaintiff's rights.

67.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Mitcheson's image and likeness.

68.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Mitcheson's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

69.     Plaintiff Mitcheson has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Jaime Edmondson Longoria*

70.     Plaintiff Longoria is a professional model.

71.    In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Longoria negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

72.    Defendant's first use of Plaintiff Jaime Edmondson Longoria's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.948008188560160.1073741827.384 703488223969/1000804876613824/?type=3&theater) began on January 29, 2015, was unauthorized, and for a commercial purpose.

73.    Defendant's second use of Plaintiff Jaime Edmondson Longoria's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/ykdtMHpcYu/) began on February 1, 2015, was unauthorized, and for a commercial purpose.

74.    Defendant's third use of Plaintiff Jaime Edmondson Longoria's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/1536163643077942/?type=3&theater) began on January 22, 2016, was unauthorized, and for a commercial purpose.

75.    Defendant's fourth use of Plaintiff Jaime Edmondson Longoria's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.743090369051944.1073741826.384

703488223969/1002444099783235/?type=3&theater) began on February 1, 2016, was unauthorized, and for a commercial purpose.

76.     Defendant's fifth use of Plaintiff Jaime Edmondson Longoria's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/1221702564524053/?type= 3&theater) began on February 7, 2016, was unauthorized, and for a commercial purpose.

77.     Defendant's sixth use of Plaintiff Jaime Edmondson Longoria's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/1221635131197463/?type=3&theater) began on February 7, 2016, was unauthorized, and for a commercial purpose.

78.     Defendant's seventh use of Plaintiff Longoria's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BBf4LD5JcdV/) began on February 7, 2016, was unauthorized, and for a commercial purpose.

79.     Defendant's eight use of Plaintiff Longoria's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BBfo6PypcUZ/) began on February 7, 2016, was unauthorized, and for a commercial purpose.

80.     Defendant has never hired or contracted with Plaintiff Longoria to advertise, promote, market, or endorse Defendant's business.

81.     In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Longoria.

82.     Defendant's appropriation of the images of Plaintiff Longoria was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

83.     Defendant has never sought Plaintiff Longoria's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

84.     Defendant has never compensated Plaintiff Longoria for any use of her image and likeness.

85.     Defendant had actual knowledge that it was using Plaintiff Longoria's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Longoria's images and identity in total disregard of Plaintiff's rights.

86.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Longoria's images and likeness.

87.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Longoria's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

88.     Plaintiff Longoria has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jamie Eason Middleton

89.     Plaintiff Middleton is a professional model.

90.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Middleton negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

91.     Defendant's first use of Plaintiff Jamie Eason Middleton's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/ club35nj/photos/a.743090369051944.1073741826.384703488223969/1125435744 150736/?type=3&theater) began on August 23, 2015, was unauthorized, and for a commercial purpose.

92.     Defendant's second use of Plaintiff Middleton's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/6vC-InpcSM/) began on August 23, 2015, was unauthorized, and for a commercial purpose.

93.     Defendant's third use of Plaintiff Jamie Eason Middleton's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/ club35nj/photos/a.743090369051944.1073741826.384703488223969/1139271682 767142/?type=3&theater) began on September 13, 2015, was unauthorized, and for a commercial purpose.

94.     Defendant's fourth use of Plaintiff Jamie Eason Middleton's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/7lKMxbJcd0/) began on September 13, 2015, was unauthorized, and for a commercial purpose.

95.     Defendant has never hired or contracted with Plaintiff Middleton to advertise, promote, market, or endorse Defendant's business.

96.     In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Middleton.

97.    Defendant's appropriation of the images of Plaintiff Middleton was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

98.    Defendant has never sought Plaintiff Middleton's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

99.    Defendant has never compensated Plaintiff Middleton for any use of her image and likeness.

100.    Defendant had actual knowledge that it was using Plaintiff Middleton's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Middleton's images and identity in total disregard of Plaintiff's rights.

101.    Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Middleton's images and likeness.

102.    As a direct and proximate result of Defendant's unauthorized usage of Plaintiff Middleton's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

103.    Plaintiff Middleton has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and

likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Katarina Van Derham*

104.   Plaintiff Van Derham is a professional model.

105.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Van Derham negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

106.   Defendant's first use of Plaintiff Van Derham's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/1191755470852096/?type=3&theater) began on December 21, 2015, was unauthorized, and for a commercial purpose.

107.   Defendant's second use of Plaintiff Van Derham's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/_kzibKpcRg/) began on December 21, 2015, was unauthorized, and for a commercial purpose.

108.   Defendant's third use of Plaintiff Van Derham's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034

88223969/1343573022337006/?type=3&theater) began on July 20, 2016, was unauthorized, and for a commercial purpose.

109.  Defendant's fourth use of Plaintiff Van Derham's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BIGjXQRgDyN/) began on July 20, 2016, was unauthorized, and for a commercial purpose.

110.  Defendant has never hired or contracted with Plaintiff Van Derham to advertise, promote, market, or endorse Defendant's business.

111.  In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Van Derham.

112.  Defendant's appropriation of the images of Plaintiff Van Derham was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

113.  Defendant has never sought Plaintiff Van Derham's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

114.  Defendant has never compensated Plaintiff Van Derham for any use of her image and likeness.

115.   Defendant had actual knowledge that it was using Plaintiff Van Derham's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Van Derham's images and identity in total disregard of Plaintiff's rights.

116.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Van Derham's images and likeness.

117.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Van Derham's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

118.   Plaintiff Van Derham has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Lina Posada

119.   Plaintiff Posada is a professional model.

120.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Posada negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

21

121.   Defendant's use of Plaintiff Posada's image on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/oeOzt-Jcds/) began on May 26, 2014, was unauthorized, and for a commercial purpose.

122.   Defendant has never hired or contracted with Plaintiff Posada to advertise, promote, market, or endorse Defendant's business.

123.   In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Posada.

124.   Defendant's appropriation of the image of Plaintiff Posada was for the purpose of advertising or soliciting patronage of Defendant's establishment.

125.   Defendant has never sought Plaintiff Posada's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

126.   Defendant has never compensated Plaintiff Posada for any use of her image and likeness.

127.   Defendant had actual knowledge that it was using Plaintiff Posada's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Posada's image and identity in total disregard of Plaintiff's rights.

128.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Posada's image and likeness.

129.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Posada's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

130.   Plaintiff Posada has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Masha Lund

131.   Plaintiff Lund is a professional model.

132.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Lund negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

133.   Defendant's use of Plaintiff Lund's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.384703488223969/1245222848838691/?type=3&theater) began on or around March 17, 2016, was unauthorized, and for a commercial purpose.

134.   Defendant has never hired or contracted with Plaintiff Lund to advertise, promote, market, or endorse Defendant's business.

135.   In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Lund.

136.   Defendant's appropriation of the image of Plaintiff Lund was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

137.   Defendant has never sought Plaintiff Lund's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

138.   Defendant has never compensated Plaintiff Lund for any use of her image and likeness.

139.   Defendant had actual knowledge that it was using Plaintiff Lund's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Lund's image and identity in total disregard of Plaintiff's rights.

140.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Lund's image and likeness.

141.   As a direct and proximate result of Defendant's unauthorized usage of Plaintiff Lund's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

142.   Plaintiff Lund has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Sandra Valencia

143.   Plaintiff Valencia is a professional model.

144.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Valencia negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

145.   Defendant's use of Plaintiff Valencia's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/876404375720542/?type=3&theater) began on July 8, 2014, was unauthorized, and for a commercial purpose.

146.   Defendant has never hired or contracted with Plaintiff Valencia to advertise, promote, market, or endorse Defendant's business.

147.   In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Valencia.

148.   Defendant's misappropriation of Plaintiff Valencia's image and likeness was for the purpose of advertising and soliciting patronage of the Defendant's establishment.

149.   Defendant has never sought Plaintiff Valencia's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

150.   Defendant has never compensated Plaintiff Valencia for any use of her likeness or image.

151.   Defendant had actual knowledge that it was using Plaintiff Valencia's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Valencia's image and identity, in total disregard of Plaintiff's rights.

152.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Valencia's image and likeness.

153.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Valencia's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

154.   Plaintiff Valencia has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which to be established by proof at trial.

### *Plaintiff Tiffany Toth*

155.   Plaintiff Toth is a professional model.

156.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Toth negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

157.   Defendant's first use of Plaintiff Tiffany Toth's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.743090369051944.1073741826.384703488223969/859103624117284/?type=3&theater) began on June 10, 2014, was unauthorized, and for a commercial purpose.

158.   Defendant's second use of Plaintiff Tiffany Toth's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/pE3Z_2JcZS/) began on June 10, 2014, was unauthorized, and for a commercial purpose.

159.   Defendant's third use of Plaintiff Tiffany Toth's images on its Facebook account (previously accessible via the URL:

https://www.facebook.com/club35nj/photos/a.743090369051944.1073741826.384703488223969/859103624117284/?type=3&theater) began on August 1, 2014, was unauthorized, and for a commercial purpose.

160.   Defendant's fourth use of Plaintiff Tiffany Toth's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/rKVAzGJcQe/) began on August 1, 2014, was unauthorized, and for a commercial purpose.

161.   Defendant's fifth use of Plaintiff Tiffany Toth's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.743090369051944.1073741826.384703488223969/946238858737093/?type=3&theater) began on November 2, 2014, was unauthorized, and for a commercial purpose.

162.   Defendant has never hired or contracted with Plaintiff Toth to advertise, promote, market, or endorse Defendant's business.

163.   In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Toth.

164.   Defendant's appropriation of Plaintiff Toth's images was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

165.   Defendant has never sought Plaintiff Toth's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

166.   Defendant has never compensated Plaintiff Toth for any use of her image and likeness.

167.   Defendant had actual knowledge that it was using Plaintiff Toth's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Toth's images and identity in total disregard of Plaintiff's rights.

168.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Toth's images and likeness.

169.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Toth's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

170.   Plaintiff Toth has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Carmen Electra*

171.   Plaintiff Electra is a professional model.

172.   In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Electra negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

173.   Defendant's use of Plaintiff Carmen Electra's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/club35nj/photos/a.384716874889297.103316.3847034 88223969/668510116509970/?type=3&theater) began on July 20, 2013, was unauthorized, and for a commercial purpose.

174.   Defendant has never hired or contracted with Plaintiff Electra to advertise, promote, market, or endorse Defendant's business.

175.   In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Electra.

176.   Defendant's appropriation of the image of Plaintiff Electra was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

177.   Defendant has never sought Plaintiff Electra's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

178.   Defendant has never compensated Plaintiff Electra for any use of her image or likeness.

179.   Defendant had actual knowledge that it was using Plaintiff Electra's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Electra's image and identity in total disregard of Plaintiff's rights.

180.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Electra's image and likeness.

181.   As a direct and proximate result of Defendant's unauthorized usage of Plaintiff Electra's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

182.   Plaintiff Electra has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## COUNT I

### Misappropriation of Likeness

183.   Plaintiffs re-state and re-allege paragraphs 1 through 182 above and incorporate the same by reference as though fully set forth herein.

184.   Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

185.   Defendant's use of Plaintiffs' images and likenesses to advertise its strip club business constitutes a use for commercial purposes.

186.   Defendant's use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

187.   Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

188.   Defendant's use of each Plaintiffs' photographs and likenesses was willful and deliberate.

189.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

190.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

**COUNT II**

**Unfair Competition / False Endorsement**

**Lanham Act, 15 U.S.C. §1125(a)**

191.   Plaintiffs re-state and re-allege paragraphs 1 through 190 above and incorporate the same by reference as though fully set forth herein.

192.   Plaintiffs, through their careers in modeling, advertising, and acting, have all attained fame and celebrity.

193.   Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, television, and/or films.

194.   Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

195.   Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

196.   Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

197.   Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

198.   Without consent, Defendant placed Plaintiffs' images and likenesses on advertisements promoting its strip club business.

199.   In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

200.   Defendant misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendant's strip club business.

201.   Defendant never sought Plaintiffs' consent to use their images or likeness.

202.   Plaintiffs have never been employed by, danced at, or affiliated themselves in any way with Defendant's strip club.

203.   Plaintiffs would not agree to allow their image or likeness to be used to promote Defendant's strip club business.

204.   Defendant, at all times mentioned herein, knew or should have known that it had no right to use Plaintiffs' images or likenesses to promote its strip club business.

205.   Defendant placed the misappropriated images on the very same marketing channels (including Facebook and Instagram) used by Plaintiffs to promote themselves.

206.   Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendant's strip club business.

207.   Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's strip club business.

208.   Defendant knew or should have known that obtaining the right to use their images and likenesses would have required consent and substantial compensation.

209.   Defendant's repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

210.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

211.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT III

### Unfair Competition / False Endorsement

### N.J.S.A. 56:4-1, *et seq.*

212.   Plaintiffs re-state and re-allege paragraphs 1 through 211 above and incorporate the same by reference as though fully set forth herein.

213.   Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under N.J.S.A. 56:4-1.

214.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

215.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

216.   Defendant's wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV

## Common Law Unfair Competition

217.   Plaintiffs re-state and re-allege paragraphs 1 through 216 above and incorporate the same by reference as though fully set forth herein.

218.   Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under the common law of New Jersey.

219.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

220.    As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.    For actual, consequential, and incidental damages in an amount to be proven at trial;

2.    For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.    For trebling of damages;

4.    For punitive damages in an amount to be proven at trial;

5.    For prejudgment interest in an amount proscribed by law;

6.    For disgorgement of Defendant's profits;

7.    For costs of this lawsuit including reasonable attorneys' fees; and

8.    For such other and further relief as to this court seem just, proper and equitable.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

Respectfully submitted,

Date: September 5, 2017    BARON & BUDD, P.C.

          s/ Jonas P. Mann
          Jonas P. Mann
          jmann@baronbudd.com

          Roland Tellis
          rtellis@baronbudd.com
          **BARON & BUDD, P.C.**
          15910 Ventura Boulevard, Suite 1600
          Encino, California  91436
          Telephone:  (818) 839-2333
          Facsimile:   (818) 986-9698

          Raymond P. Boucher
          ray@boucher.la
          **BOUCHER LLP**
          21600 Oxnard Street, Suite 600
          Woodland Hills, California 91367
          Telephone:  (818) 340-5400
          Facsimile:   (818) 340-5401